## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| RALPH W. BRISCOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CRYSTAL LAKE POLICE DEPT., | ) |
| and Officer RYAN SHACK, in his official | ) |
| and individual capacity, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action brought under 42 U.S.C. §1983 and the laws of the State of Illinois
to hold the City of Crystal Lake Police Department, and one of its officers accountable
for their unreasonable, unlawful, malicious violations of the Plaintiff's rights.

### JURISDICTION AND VENUE

1. This Complaint seeks remedies pursuant to 42 U.S.C. §1983, alleging violations
   of the First and Fourteenth Amendments to the Constitution of the United States
   of America, as well as the laws of the State of Illinois.

2. Venue is proper before this Honorable Court pursuant to 28 U.S.C. §1391(b).

### PARTIES

3. The Plaintiff, Ralph W. Briscoe (the "Plaintiff"), is a resident of Kane County, and
   at all times relevant hereto, resided in the Village of Pingree Grove, Illinois.

4. The City of Crystal Lake is a municipal corporation of the State of Illinois.

5. At all times relevant hereto, Defendant, RYAN SCHACK ("SCHACK") was

employed by the City of Crystal Lake Police Department.

## FACTS

6. On December 28, 2022, the Plaintiff, Ralph Briscoe, was lawfully travelling through the City of Crystal Lake, Illinois, at which time he observed a police vehicle with its emergency lights activated. Plaintiff immediately pulled into the closest parking lot and yielded his vehicle.

7. Plaintiff was approached by Officer RYAN SCHACK of the Crystal Lake Police Department, who informed Plaintiff that his license plate light was out. Officer SCHACK then asked for Plaintiff's Driver's License and proof of insurance for the vehicle. Plaintiff provided SCHACK with his Illinois Driver's License, Proof of Insurance, as well as his IROCC Card, i.e., Illinois Retired Officer's Concealed Carry License.

8. SCHACK asked which police department that Plaintiff had been previously employed with, and attempted some small talk. He then stated he would check Plaintiff's Driver's License and if it was clear he would release Plaintiff with a written warning for the license plate light.

9. SCHACK returned to his police vehicle and remained there for several minutes. During this time, two additional Crystal Lake Police vehicles arrived.

10. After several minutes SCHACK returned to Plaintiff, along with several other police officers. SCHACK informed Plaintiff that his IRROC Card was valid, and then asked Plaintiff if he knew he had an expired Foid Card, i.e., a Firearm Owners Identification Card.

11. Plaintiff offered to tender his Foid Card that was in his possession at the time.

SCHACK stated that it was not necessary.

12. Plaintiff advised that the card was in fact valid as the Governor had extended the expiration of all state Foid Cards, as a result of the Covid-19 pandemic, and that Plaintiff had been so notified by the Illinois State Police Firearms Unit.

13. Plaintiff asked SCHACK how it could be possible that Plaintiff's IROCC Card could be valid if his Foid card was expired, as a requirement of the issuance of a IRROC Card is proof of a valid Foid Card. SCHACK responded that he did not know, and it was not his concern.

14. It was only at this point that SCHACK asked Plaintiff if there were any firearms in the vehicle.

15. Plaintiff informed SCHACK that there was a firearm located within the vehicle's console.

16. SCHACK asked Plaintiff to retrieve the firearm and give it to him. Plaintiff removed the firearm from the console and handed it to him.

17. He then asked if he could search Plaintiff's vehicle. Plaintiff agreed to the search, and exited the vehicle.

18. The two assisting police officers searched the complete interior and trunk of the vehicle.

19. SCHACK returned to speak with Plaintiff. He told Plaintiff could again sit in his vehicle, he and advised he would be speaking with his superior and decide whether, or not to charge Plaintiff with a crime related to the expired Foid Card.

20. Upon returning to Plaintiff, SCHACK informed Plaintiff that he was seizing the firearm, and that he would be speaking with the McHenry County State's

Attorney's Office pertaining to possible criminal charges against Plaintiff.

21. SCHACK did not issue Plaintiff a citation or a warning ticket pertaining to the alleged defective license plate light.

22. Once released from the traffic stop, plaintiff observed that his vehicle's license plate light was active and working normally.

23. On or about December 31, 2022, Plaintiff was contacted by SCHACK by phone

24. and informed that he had obtained an arrest warrant for Plaintiff.

25. Plaintiff subsequently surrendered himself to the Algonquin Police Department on the active warrant. Plaintiff was processed, posted bond, and was issued an initial court date of March 17, 2023, at the McHenry County Courthouse.

26. On March 17, 2023, Plaintiff appeared at court as instructed. Plaintiff was approached by an Assistant State's Attorney's Office and informed that the charge was being dropped. Furthermore, The Assistant State's Attorney informed the Plaintiff that the charge had never been screened through the State's Attorney's Office and should never have been brought against Plaintiff.

## COUNT I

### 42 U.S.C. §1983 - Violation of the 4th Amendment of the United States Constitution.

#### (Unlawful Seizure)

27. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-26, as if fully set forth herein.

28. Defendant, SCHACK, while acting under the color of law, violated Plaintiff's constitutional rights by unreasonably seizing Plaintiff, as described herein

throughout, which resulted in Plaintiff's injuries.

29. Defendant, SCHACK, while acting under the color of law, violated
Plaintiff's constitutional rights by unreasonably seizing Plaintiff, by stopping and
detaining Plaintiff without probable cause or a reasonable suspicion that a crime
had been or was about to be committed.

30. Defendant, SCHACK, while acting under the color of law, violated
Plaintiff's constitutional rights by unreasonably seizing Plaintiff, by stopping and
detaining Plaintiff under false pretenses.

31. Defendant's actions were unnecessary, unreasonable, unlawful, and unjustified.

## COUNT II

### 42 U.S.C. §1983 - Violation of the 4th Amendment of the

### United States Constitution.

### (Unlawful Seizure)

32. The Plaintiff hereby incorporates by reference the allegations contained in
paragraphs 1-31, as if fully set forth herein.

33. Defendant, SCHACK, while acting under the color of law, violated
Plaintiff's constitutional rights by unreasonably seizing Plaintiff's property, as
described herein throughout, which resulted in Plaintiff's injuries.

34. Defendant, SCHACK, while acting under the color of law, violated
Plaintiff's constitutional rights by unreasonably seizing Plaintiff's property, by
seizing Plaintiff's firearm without probable cause or a reasonable suspicion that a
crime had been or was about to be committed.

35. Defendant's actions were unnecessary, unreasonable, unlawful, and unjustified.

## COUNT III

### 42 U.S.C. §1983 - Violation of the 4th Amendment of the

### United States Constitution.

### (False Affidavit)

36. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-35, as if fully set forth herein.

37. Defendant, SCHACK, while acting under the color of law, violated Plaintiff's constitutional rights by obtaining an arrest warrant for the Plaintiff for under false pretenses.

38. Defendant, SCHACK, while acting under the color of law, violated Plaintiff's constitutional rights by obtaining an arrest warrant for the Plaintiff for the offense of Unlawful Possession of a Firearm, under false pretenses, by providing the issuing Judge false and/or incomplete information.

39. Defendant, SCHACK, while acting under the color of law, violated Plaintiff's constitutional rights by obtaining an arrest warrant for the Plaintiff for the offense of Unlawful Possession of a Firearm, under false pretenses, by failing to inform the issuing Judge that Plaintiff possessed a valid IROCC Card at date and time of the aforementioned, traffic-stop and seizures.

40. Defendant, Officer Ryan SCHACK, while acting under the color of law, violated Plaintiff's constitutional rights by obtaining an arrest warrant for the Plaintiff for the offense of Unlawful Possession of a Firearm, under false pretenses, knowing that Plaintiff's IROCC Card exempted Plaintiff of the FOID Card requirement.

41. Defendant's actions were knowing, intentional, and reckless.

42. Defendant's actions additionally, were unnecessary, unreasonable, unlawful, and unjustified.

## COUNT IV

### State Tort of Intentional Infliction of Emotional Distress

43. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-42, as if fully set forth herein.

44. Defendant, SCHACK's conduct described herein was extreme and outrageous.

45. Defendant, SCHACK intended to cause Plaintiff emotional distress and/or Recklessly disregarded the probability of causing Plaintiff emotional distress.

46. Plaintiff suffered severe and extreme emotional distress.

47. Plaintiff's emotional distress was proximately caused by Defendant, SCHACK's outrageous conduct.

48. Based upon the foregoing, Defendants are liable for the Illinois Common Law Tort of Intentional Infliction of Emotional Distress.

WHEREFORE, Plaintiff, RALPH W. BRISCOE respectfully requests the following relief:

A. A declaratory judgment that Defendants violated Plaintiff's right to be free from unreasonable searches, seizures, and invasions of privacy guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Illinois State Constitution.

B. Compensatory damages, in an amount to be ascertained at trial. intentional and/or willful and wanton conduct described herein.

C. Punitive damages in an amount to be ascertained at trial, for Defendants'

   intentional and, or willful and wanton conduct described herein.

D. Attorney's fees, costs, and expenses, pursuant to 42 U.S.C. §1988 and the Illinois

   Civil rights Act of 2003, 740 ILCS 23/1 *et seq.*

E. Such other and further relief as this Court may deem just and proper.

Dated: December 26, 2024                    Respectfully submitted:

                                            RALPH W. BRISCOE

                                            Ralph W. Briscoe,

                                            Plaintiff

Ralph W. Briscoe, Counsel
Law Office of Ralph W. Briscoe Ltd.
1100 E. Nerge Road, Suite 210-B
Elk Grove Village, IL 60007
(847) 305-3566
rb@rbriscoelaw.com
Attorney No. 6307680

Rosa D. McNeil, Co-Counsel
1100 E. Nerge Road, Suite 210-B
Elk Grove Village, IL 60007
(847) 305-3566
rb@rbriscoelaw.com
Attorney No. 6307680